# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITZ FUENTE, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SHS ARMIN SCHAFER JR., an individual residing in Germany,<br><br>Defendant. | Case No.: 3:21-cv-01986-LAB-JLB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, [Dkt. 13]; and**<br><br>**2) GRANTING REQUEST FOR LIMITED JURISDICTIONAL DISCOVERY, [Dkt. 14]** |

Plaintiff Ritz Fuente, LLC brought this action against Plaintiff SHS Armin Schafer, Jr. for breach of contract stemming from the sale of a showjumping horse. Ritz Fuente's First Amended Complaint ("FAC") alleges a single claim for breach of contract. (Dkt. 5, FAC). Schafer moved to dismiss the FAC in its entirety for lack of personal jurisdiction. (Dkt. 13).

Having considered the parties' submissions and the relevant law, the Court **GRANTS** Schafer's motion to dismiss for lack of personal jurisdiction. The claim against him is **DISMISSED WITH LEAVE TO AMEND**. Ritz Fuente's request for limited jurisdictional discovery as to the extent of Schafer's sales and contacts in

California is **GRANTED**.

## I. BACKGROUND

Plaintiff Ritz Fuente, LLC is a Wyoming limited liability company. (Dkt. 5, FAC ¶ 1). Ritz Fuente has only two members: (1) Joseph Sorge, an individual owning 75% and domiciled in Wyoming; and (2) Hanna Mauritzson, an individual owning 25% and domiciled in San Diego, California. (*Id.*). Defendant SHS Armin Schafer, Jr. is a citizen and domiciliary of the Federal Republic of Germany, where he lives in the town of Bürstadt. (*Id.* ¶ 2).

In November 2018, Ritz Fuente entered a contract with Schafer to buy an easy high level jumping horse. (*Id.* ¶ 5. *See generally id.*, Ex. 1 Equine Purchase Agreement (the "Agreement")). Schafer represented that the horse was "in good health and condition, satisfactory quality and fit for [Ritz Fuente]'s intended purpose of competing at high level showjumping at the 1.50m level." (*Id.*, Ex. 1 § 3(b); *id.* ¶ 6). Under the terms of the Agreement, Schafer was to make the horse available to a carrier of Ritz Fuente's choice. (*Id.*, Ex. 1 § 5(a)). Schafer was aware the horse would be boarded in San Diego County and compete there and elsewhere in the United States. (*Id.* ¶ 5).

The horse was delivered to Ritz Fuente in San Diego on or about December 13, 2018. (*Id.* ¶ 7). Including this sale, Schafer has sold a total of fourteen horses, four of which were sold to residents of California. (Dkt. 14-1, Decl. of Hanna Mauritzen ¶¶ 6–8).[1] In the months following the horse's delivery, Ritz Fuente discovered that it couldn't compete at the 1.50m level. (FAC ¶ 9). Ritz

---

[1] When considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, courts may consider plaintiff's affidavits and declarations outside the complaint without converting the motion to a Rule 56 motion for summary judgment. *See Dole Food Co. v. Watts, Inc.*, 303 F.3d 1104, 1108 (9th Cir. 2002) (noting that courts deciding Rule 12(b)(2) motions may look to papers outside the complaint, like pleadings or affidavits, to determine if the plaintiff can establish a prima facie case of personal jurisdiction).

Fuente attempted to initiate arbitration pursuant to the Agreement's arbitration clause but, following Schafer's repeated refusal to arbitrate, initiated this action in November 2021. (*Id.*).

In its FAC, Ritz Fuente asserts a single claim for breach of contract against Schafer for failing to deliver a horse of the quality specified in the Agreement. (*Id.* ¶¶ 10–15). Schafer moves to dismiss the FAC in its entirety, arguing that the Court lacks personal jurisdiction over him. (*See* Dkt. 13). Ritz Fuente opposes Schafer's motion and requests the Court either: (1) designate an arbitrator, (Dkt. 14 at 16–22); or (2) order limited jurisdictional discovery into Schafer's sales and contacts in California if the Court finds it lacks personal jurisdiction over Schafer, (*id.* at 23).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). The plaintiff must establish that the court has personal jurisdiction over the defendant by "mak[ing] only prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiffs'] favor." *Id.* at 608.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). As "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," the inquiry centers on whether exercising jurisdiction over a particular defendant comports with Due Process. *Id.*; *see also* Cal. Civ. Pro. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). "Due process requires that the defendant 'have certain minimum contacts' with the

forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Federal courts may exercise either general or specific jurisdiction over non-resident defendants. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). General jurisdiction exists when a defendant is "essentially at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Individuals are "at home" in their state of domicile. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (citing *Daimler AG*, 571 U.S. at 137).

"Specific jurisdiction, on the other hand, permits jurisdiction over a defendant 'less intimately connected' with a forum state." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1161 (9th Cir. 2023) (quoting *Ford Motor Co.*, 141 S. Ct. at 1024). Courts in the Ninth Circuit apply a three-part test to determine whether a non-resident defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)). The plaintiff must prove the first two prongs, then the burden shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *See*

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

"For claims sounding in contract, [the Ninth Circuit] generally appl[ies] a 'purposeful availment' analysis and ask[s] whether a defendant has 'purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Picot*, 780 F.3d at 1212 (fourth and fifth alterations in original) (quoting *Schwarzenegger*, 374 F.3d at 802). "To have purposefully availed [himself] of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)). "[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Id.* at 1017 (citing *Burger King*, 471 U.S. at 478). Instead, "courts must evaluate the parties' entire course of dealing, not solely the particular contract . . . giving rise to the claim." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1108 (9th Cir. 2020) (collecting cases). The defendant's contacts with the forum state must be "'*substantial*' and not merely 'random, fortuitous, or attenuated.'" *Sher*, 911 F.2d at 1362 (emphasis in original) (quoting *Burger King*, 471 U.S. at 479, 480); *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) (quoting *Burger King*, 471 U.S. at 480) (discussing prior decisions upholding jurisdiction asserted against defendants who "purposefully 'reach[ed] out beyond' their State and into another by, for example, entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State").

A court may order limited jurisdiction discovery to help determine whether it has personal jurisdiction over a party. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977). A court may appropriately grant jurisdictional discovery when facts bearing on the question of jurisdiction are

controverted or a more satisfactory showing of the facts is necessary. *Boschetto*, 539 F.3d at 1020 (citing *Data Disc*, 557 F.2d at 1285 n.1).

## III. DISCUSSION

### A. Personal Jurisdiction

#### 1. General Jurisdiction

Ritz Fuente argues the Court has general personal jurisdiction over Schafer because of his prior sales to California. (Dkt. 14 at 8). Specifically, it notes that four out of Schafer's fourteen total horse sales were made to California residents. (*Id.*). It asserts that such sales constitute "continuous and systematic" contacts with California sufficient to subject Schafer to general jurisdiction here. (*Id.*).

However, individual defendants are subject to general personal jurisdiction in the state of their domicile, *see Ford Motor Co.*, 141 S. Ct. at 1024, and, as Schafer argues, sales history can't be substituted in for domicile, (*see* Dkt. 13 at 5); *Daimler AG*, 571 U.S. at 137. Schafer is domiciled in Germany, and there is no indication he intends to live in or move to California. (FAC ¶ 2); *see Daimler AG*, 571 U.S. at 137. Schafer's past sales to California residents aren't sufficient to make him essentially "at home" in the state. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124–25 (9th Cir. 2002) (stating that doing business with residents of the forum state doesn't approximate being at home in that forum state). None of the facts alleged by Ritz Fuente show that Schafer is domiciled, or in any way "at home," in California. *See id.* at 1125 (noting that defendants themselves having a physical presence in the forum state is critical to finding general jurisdiction). Schafer isn't subject to general personal jurisdiction in California.

#### 2. Specific Jurisdiction

Ritz Fuente also argues that the Court has specific personal jurisdiction over Schafer because: he has previously sold horses to California residents; he was aware that the horse would be sold to a California resident for use in California;

and he received $397,355 for the horse from a California bank account. (Dkt. 14 at 9–11). It contends that these contacts show that Schafer purposefully directed his activities to California, (*id.* at 11–12), and that Schafer can't rebut the presumption of reasonableness in the exercise of jurisdiction, (*id.* at 13–16).

Schafer argues that the Court lacks specific personal jurisdiction over him because the FAC fails to adequately allege that he purposefully availed himself of the privilege of conducting activities within California, noting that he entered and rendered complete performance under the Agreement in Germany. (*See* Dkt. 13 at 7–8). He also argues Ritz Fuente's claim doesn't relate to his contacts with California and that exercising jurisdiction over him would be unreasonable. (*Id.* at 9–12).

Preliminarily, the Court notes that the "effects" test Ritz Fuente advocates for applies only to intentional torts. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007). Because the FAC brings a breach of contract claim, the Court instead applies the "purposeful availment" test. *See Picot*, 780 F.3d at 1212. Under that test, "a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto*, 539 F.3d at 1016 (quoting *Sher*, 911 F.2d at 1362).

Nothing in Ritz Fuente's FAC, opposition, or supporting declaration compels the conclusion that Schafer "purposefully avail[ed himself] of the privilege of conducting activities within [California]." *Schwarzenegger*, 374 F.3d at 802. First, entering a contract with a California resident doesn't, on its own, demonstrate sufficient contacts with California to establish specific jurisdiction. *Boschetto*, 539 F.3d at 1017. Further, Schafer executed the Agreement in Germany and, to completely perform under the Agreement, Schafer was required to deliver the horse to Ritz Fuente's preferred carrier in Germany. (FAC, Ex. A § 5(a)). These facts are insufficient for the Court to conclude that Schafer "enter[ed] a contractual

relationship" with Ritz Fuente "that 'envisioned continuing and wide-reaching contacts'" in California. *Walden*, 571 U.S. at 285 (quoting *Burger King*, 471 U.S. at 479–80). In other words, the Court can't conclude that the Agreement was centered in California or that Schafer "performed some type of affirmative conduct which allow[ed] or promote[d] the transaction of business within [California]." *Sher*, 911 F.2d at 1362. *Compare Boschetto*, 539 F.3d 1011 (finding no personal jurisdiction from a single eBay sale to a California resident), *Sher*, 911 F.2d 1357 (finding no personal jurisdiction from representation of California resident in Florida criminal case when defendant accepted payment from a California bank account and made phone calls and sent messages to California), *and Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247 (9th Cir. 1980) (finding no personal jurisdiction in California from a contract resulting from public bidding in Costa Rica), *with Glob. Commodities Trading Grp.*, 972 F.3d 1101 (finding personal jurisdiction when the defendant sustained a relationship with a California company over several years and hundreds of contracts).

Second, contrary to Ritz Fuente's contentions, it isn't enough that Schafer knew he sold the horse to a California resident for use in California or that he was paid from a California bank account because "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980). Instead, Ritz Fuente must show that Schafer "deliberately 'reached out beyond' [his] home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Ford Motor Co.*, 141 S. Ct. at 1025 (second alternation in original) (quoting *Walden*, 571 U.S. at 285). Ritz Fuente hasn't shown Schafer took such deliberate action. For example, the FAC doesn't allege Schafer targeted California residents (as opposed to residents of other states) with advertisements or, as discussed above, entered contracts centered

in California. Instead, the record reflects that the Agreement minimized Schafer's contacts outside of Germany, even when he contracted with Ritz Fuente—a Wyoming LLC with a 25% owner domiciled in California. (FAC ¶ 1); *cf. Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 268 (2017) (rejecting argument that the defendant's "decision to contract with a California company" provided a sufficient basis for personal jurisdiction in California).

Ritz Fuente hasn't alleged sufficient facts to show Schafer purposefully availed himself of the privilege of conducting activities within California. *Picot*, 780 F.3d at 1212. Because Ritz Fuente hasn't met its burden under the first prong, the Court declines to consider the second and third prongs of the specific personal jurisdiction analysis.

*   *   *

For all these reasons, Ritz Fuente has failed to make a prima facia showing of jurisdictional facts. *See Love*, 611 F.3d at 608. Schafer's motion to dismiss for lack of personal jurisdiction is **GRANTED**. (Dkt. 13).

### B.     Jurisdictional Discovery

Ritz Fuente requests that, if the Court finds Schafer isn't subject to personal jurisdiction, it order limited jurisdictional discovery because available public information suggests that jurisdictional discovery will yield relevant evidence. (Dkt. 14 at 23). Schafer argues the request should be denied because it is based on "little more than a hunch that [discovery] might yield jurisdictionally relevant facts." (Dkt. 15 at 8 (quoting *Boschetto*, 539 F.3d at 1020)).

Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020 (quoting *Data Disc*, 557 F.2d at 1285 n.1). The Court finds that standard is satisfied here and **GRANTS** Ritz Fuente's request for limited jurisdictional discovery. The parties are **ORDERED** to conduct limited jurisdictional discovery

only as to the extent of Schafer's sales and contacts in California.

### C. Designation of Arbitrator

Ritz Fuente also requests the Court exercise its authority under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, and designate an arbitrator. (Dkt. 14 at 16–22). However, the Court can't issue any order related to the merits or arbitration because it lacks personal jurisdiction over Schafer. *See, e.g.*, *Nationwide Argibusiness Ins. Co. v. Buhler Barth GmbH*, No. 15-cv-582-JAM-EPG, 2015 WL 6689572, at *2 (E.D. Cal. Oct. 30, 2015). Ritz Fuente's request is **DENIED**.

### IV. CONCLUSION

Schafer's motion to dismiss for lack of personal jurisdiction is **GRANTED**, and the FAC is **DISMISSED WITH LEAVE TO AMEND**. Ritz Fuente's request to designate an arbitrator is **DENIED**. Ritz Fuente's request for limited jurisdictional discovery is **GRANTED**. Jurisdictional discovery must be completed no later than **September 15, 2023**, and a Second Amended Complaint must be filed no later than **September 29, 2023**.

**IT IS SO ORDERED**.

Dated: August 17, 2023

*Larry A. Burns*
**Hon. Larry Alan Burns**
United States District Judge